IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| vs. | : | |
| | : | No. 05-cr-0126-JMY-1 |
| DANIEL RUTHERFORD, et al | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                                                April 26, 2023

Currently before the Court are Defendant's *Pro Se Motions for Compassionate Release and Appointment of Counsel* [1] (ECF No. 152), *Pro Se Motion for Sentence Reduction under the Compassionate Release Statute 18:3582 (c)(1)(A)(i), as Amended by the First Step Act* (ECF No. 153), and *Pro Se Daniel Rutherford Motion to Expand the Record* (ECF No. 155). The United States of America (the "Government") opposes the Motions ("Opp.," ECF No. 156; *Government's Supplemental Response to Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)* filed at (ECF No. 157).

For the reasons set forth below, the Court will deny Defendant's request for compassionate release.

**I.        PROCEDURAL AND FACTUAL BACKGROUND:**

Defendant was twenty-two years old when he was convicted by a jury of committing two separate gun point robberies at DePativo Chiropractic Center's office located at 61st and Spruce

---

[1] Federal Defenders represent Defendant in a *Motion to Vacate/Set Aside/Correct Sentence (2255) under 28 U.S.C. § 2255*. (ECF No. 141.) However, they do not represent Defendant in his request for compassionate relief. Since the Court finds Defendant's request for compassionate relief to have no merit, it will decline to appoint counsel to litigate the issue of compassionate relief. There is no right to counsel with respect to a motion for compassionate release. *United States v. Munford*, 2021 WL 111863, at *6 (E.D. Pa. Jan. 12, 2021) (Pratter, J.) (appointment of counsel denied where the defendant has competently presented his claim, and the legal issues are relatively straightforward); *United States v. Ryerson*, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020) (citing cases).

streets in Philadelphia on July 7, 2003, and again on July 11, 2003.  Defendant had a prior criminal record and was on escape status after failing to return from work release on May 27, 2003 at the time he committed these two robberies.

Defendant was indicted on charges of conspiracy to interfere with interstate commerce by robbery (Hobbs Act robbery) in violation of 18 U.S.C. § 1951(a) (Count 1); interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count 2); using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count 3); and aiding and abetting in violation of 18 U.S.C. § 2 (Counts 4 and 5).  He proceeded to trial, and on September 16, 2005, the jury returned a verdict of guilty on all counts.  (Memorandum and Order, Judge Legrome D. Davis, 4/30/14, ECF No. 130.)

At sentencing on January 30, 2006, Defendant faced a sentencing guideline range for the robberies of 100-125 months, plus mandatory minimum consecutive terms of 7 years for the first 924(c) offense, and 25 years for the second.  (*Government's Sentencing Memorandum* page 2, ECF No. 66; *Defendant's Sentencing Memorandum* page 10, ECF No. 67.)  Although the Guidelines were advisory, Judge Davis elected to impose a sentence at the very maximum of the guideline recommendation, imposing a term of 125 months plus 32 years to run consecutively, for a total term of 509 months' imprisonment (42 years and 5 months).  (Judgment of Sentence, ECF No. 72.)  Defendant's Judgment of Sentence was affirmed on appeal.  *United States v. Rutherford*, No. 06-1437, 236 F. App'x. 835 (3d Cir. June 26, 2007).  Defendant's post-conviction challenges have also been unsuccessful.

Thereafter, in Section 403 of the First Step Act – effective December 21, 2018 – Congress amended Section 924(c) to provide that the 25-year consecutive term for a successive

924(c) offense did not apply unless the defendant had a previous, final conviction for 924(c) charge at the time of the offense.

Under current law, Defendant would face a seven-year sentence on each Section 924(c) charge (as a firearm was brandished on each occasion). The statutory requirement still applies that each such sentence must run consecutively to each other and to any other sentence imposed. That means the mandatory minimum sentence on the two 924(c) counts, if charged today in the same initial 924(c) prosecution, would be 14 years. (*Pro Se Motion for Sentence Reduction Under the Compassionate Release Statute, 18 U.S.C. § 3582(c)(1)(A)(i), as Amended by the First Step Act* page 23.) Based on this phenomenon, Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to reduce a sentence upon a showing of "extraordinary and compelling reasons." (*Id.*) Defendant avers that he is now forty-one years old, and he argues that he is serving a sentence of over 42 years that would not be imposed on a comparable current offender. (*Id.* page 1-2; Letter April 17, 2023, ECF No. 162.) He points to the fact that his sentence was based on the earlier version of 18 U.S.C. § 924(c), which required a mandatory consecutive 25-year term for each successive Section 924(c) conviction after the first, even when all offenses were prosecuted in the same case (a practice known as "stacking"). (page 22 (citing *Deal v. United States*, 508 U.S. 129 (1993).) He was therefore sentenced to a seven-year mandatory term on the first of his Section 924(c) offenses, and a stacked consecutive term of 25 years on the second such count. (*Id.*)

This matter was previously assigned to the Honorable Darnell Jones, and after a review of the docket it would appear that Judge Darnell Jones abstained from ruling on Defendant's request for compassionate relief pending the Third Circuit Court of Appeals' review of the

3

decision reached by Judge Eduardo C. Robreno in *United States v. Andrews*, 480 F. Supp. 3d 669 (E.D. Pa. Aug 19, 2020).

## II.  LEGAL STANDARD:

On December 21, 2018, Congress enacted Section 603(b) of the First Step Act which amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release.  (§ 603(b).)  Prior to the enactment of Section 603(b) of the First Step Act motions for compassionate relief under 18 U.S.C. § 3582 could only be brought by the Director of the Bureau of Prisons.  The First Step Act added the procedure for prisoner-initiated motions while leaving the rest of the compassionate-release framework unchanged.  Therefore, a district court may reduce its sentence through compassionate release if it determines: (1) the incarcerated movant meets administrative exhaustion requirements; (2) "extraordinary and compelling reasons" warrant a reduction; (3) the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission," and (4) the applicable sentencing factors under 18 U.S.C. § 3553(a) warrant a reduction. 18 U.S.C. § 3582.  18 U.S.C. § 3582(c)(1)(A).

The district court's decision to grant compassionate release is a purely discretionary decision.  *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).  The Third Circuit Court of Appeals has reviewed the district court's decision to deny a compassionate-release motion for abuse of discretion.  *Id.*  Under this abuse-of-discretion standard, the Third Circuit has stated that it will not disturb a district court's determination unless it is left with "a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached."  *Id.* (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

4

**III.   DISCUSSION:**

Defendant Rutherford seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to reduce a sentence upon a showing of "extraordinary and compelling reasons."  The Parties do not dispute that Defendant has exhausted administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e); therefore, the Court will address Defendant's claim of extraordinary and compelling circumstances.  In his requests for compassionate relief, Defendant primarily argues that due to the amendment of 18 U.S.C. § 924(c), his sentence would be at least 18 years shorter if imposed today.  (*Pro se Motion for Sentence Reduction Under the Compassionate Release Statute, 18 U.S.C. § 3582( c)(1)(A)(i), as Amended by the First Step Act* page 22-23.)  He was sentenced on January 30, 2006, and if he were sentenced today under currently law, he believes his sentence would range between 14 to 15 years' imprisonment.  (*Id.*)

As will be discussed more fully herein below, Defendant also references COVID-19 pandemic and certain medical conditions that afflict him.  However, he does not assert the COVID-19 pandemic coupled with his personal medical condition as an independent basis for release; rather, he focuses on these issues when discussing the sentencing factors under 18 U.S.C. § 3553(a).  In this regard, it would appear that Defendant is attempting to satisfy the fourth element of the test for determining whether he is entitled to compassionate relief when he argues that the COVID-19 pandemic and his medical condition entitle him to release from confinement under 18 U.S.C. § 3582(c)(1)(A)(i).

The Court will address Defendant's arguments in turn.

A.  **Compassionate Release Under the Amended Version of 18 U.S.C. § 924(c) in Light of *United States v. Andrews*, 12 F.4th 255 (3d Cir. Aug 30, 2021):**

Based on the holding of *United States v. Andrews*, 12 F.4th 255 (3d Cir. Aug 30, 2021), the Court rejects Defendant's argument for compassionate relief under the amended version of 18 U.S.C. § 924(c). In finding Defendant's argument to have no merit, the Court relies on *Andrews* as persuasive authority. *Andrew*, 12 F.4th at 261 (holding that neither the length of a lawfully imposed sentence nor non-retroactive changes in §924(c) of the statutory sentencing law establish extraordinary and compelling circumstances for release.).

In *Andrews*, the defendant had been sentenced to a term of imprisonment of 312 years based on 13 armed robberies he committed at the age of 19, a sentence that would be far lower under current law based on the amended version of 18 U.S.C. § 924(c) – which Defendant cites to in this matter. Third Circuit Court upheld the district court's finding that the situation did not present an "extraordinary and compelling reason" for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), stating:

> The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance. "[T]here is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute." *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). "Indeed, the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence." *United States v. Maumau*, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, C.J., concurring). Moreover, considering the length of a statutorily mandated sentence as a reason for modifying a sentence would infringe on Congress's authority to set penalties.

*Andrews*, 12 F.4th at 260-261.

The Court went on to write:

> The nonretroactive changes to the § 924(c) mandatory minimums also cannot be a basis for compassionate release. In passing the First Step Act, Congress specifically decided that the changes to the § 924(c) mandatory minimums would not apply to people who had already been sentenced. See First Step Act § 403(b). That is conventional: "[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey v. United States*, 567 U.S. 260, 280 (2012). "What the Supreme Court views as the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice." *United States v. Wills*, 997 F.3d 685, 688 (6th Cir. 2021).

*Andrews*, 12 F.4th at 261.

Defendant seeks compassionate release from a sentence that was lawful when imposed based on changes in sentencing law that Congress expressly made non-retroactive. The Court finds that Congress expressly declined to extend benefits of the amended Section 942(c) to individuals like Defendant. Therefore, Defendant fails to come forward with extraordinary or compelling reasons for early release and his Motion will be denied.

**B.    Defendant's Health and the COVID-19 Pandemic:**

Defendant presents his health-related justification for release in relationship to the fourth step of the compassionate release analysis, as a sentencing factor under 18 U.S.C. § 3553(a). (*Pro Se Motion for Sentence Reduction under the Compassionate Release Statute 18:3582 (c)(1)(A)(i), as Amended by the First Step Act* page 25; ECF No. 153.) Therefore, the Court need not address Defendant's COVID-19 Pandemic health related argument because it has already determined that Defendant fails to establish extraordinary and compelling circumstances to justify release under the amended version of Section 924(c). However, to the extent that Defendant's request could be construed to seek health related compassionate release, the Court

finds no compelling or extraordinary health related circumstances presented in his various Motions.

In his various filings, Defendant fails to establish that he is at an increased danger from COVID-19; therefore, he fails to set forth an extraordinary or compelling reason for granting compassionate release at this time. Defendant avers that he is overweight and suffers from hypertension or high blood pressure. (*Pro Se Motion for Sentence Reduction under the Compassionate Release Statute 18:3582 (c)(1)(A)(i), as Amended by the First Step Act* page 28, ECF No. 153.) Defendant also presented medical records to establish that he was prescribed Lisinopril in 20 mg tablets and hydrochlorothiazide in 25 mg tablets/capsules to treat hypertension/high blood pressure. (*Motion for Compassionate Release and Appointment of Counsel*, ECF No. 152; Bureau of Prison Medical Records, *Motion to Expand the Record* page 22-24, Exhibit 5, ECF No. 155.)

Defendant has not established that his high blood pressure and related medical conditions constitute a serious medical condition to find extraordinary and compelling reasons. Obesity and hypertension may be a risk factor for severe COVID-19 disease; however, the Government represented that Defendant received doses of the Pfizer vaccine on March 16 and April 6, 2021. Furthermore, the Federal Bureau of Prisons has taken substantial steps to limit the spread of the COVID-19 virus within its facilities among the inmate population. Therefore, Defendant failed to establish that he was in anymore apparent danger from the virus than if he were in the general population. *See, e.g.*, *United States v. Hannigan*, 2021 WL 1599707, at *5-6 (E.D. Pa. Apr. 22, 2021) (Kenney, J.) ("Other courts in the Third Circuit have agreed that the protection provided by an authorized COVID-19 vaccination reduces the risk of serious illness from COVID-19 to such a degree that the threat of the pandemic alone cannot present an extraordinary and

compelling reason for compassionate release."); *United States v. Kamara*, 2021 WL 2137589 (E.D. Pa. May 26, 2021) (Bartle, J.); *United States v. Peterson*, 2021 WL 2156398, at *2 (E.D. Pa. May 27, 2021) (Joyner, J.) (the defendant "suffers from hypertension, asthma, and prediabetes and he is obese and a former smoker," but "[g]iven the significant protection the [Johnson and Johnson] vaccine offers and the declining rates of COVID-19 infections in prisons, we (like many other courts) do not find that Mr. Peterson has presented extraordinary and compelling circumstances at this time."); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) (Kearney, J.) ("The risk posed to an inoculated Mr. Roper is not an extraordinary and compelling reason for his release."); *United States v. Jones*, 2021 WL 1561959, at *1 (E.D. Pa. Apr. 21, 2021) (McHugh, J.) ("As the Government itself acknowledges, the scientific consensus surrounding vaccines can change. . . . But as of now, the available data confirms the extreme effectiveness of the vaccines."); *United States v. Willis*, No. 10-416, ECF 239 (E.D. Pa. May 3, 2021) (Padova, J.); *United States v. Newsuan*, 2021 WL 2856509, at *4 (E.D. Pa. July 7, 2021) (Pratter, J.) (68-year-old defendant who presents diabetes, obesity, and hypertension does not present extraordinary circumstance in light of vaccination); *United States v. Lopez-Batista*, No. 16-358, ECF No. 94 (E.D. Pa. Aug. 23, 2021) (Sanchez, C.J.) (diabetes and obesity do not warrant release in light of vaccination); *United States v. Berry*, 2021 WL 3537145, at *3 (E.D. Pa. Aug. 11, 2021) (Savage, J.) ("Although he suffers from medical conditions making him more vulnerable to serious illness or death from COVID-19, the risks posed to Berry's health are minimal. His vaccination status provides sufficient protection against the risks. Moreover, Berry is housed at FCI Schuylkill, which has no reported cases among inmates or staff."); *United States v. Otero-Montalvo*, 2021 WL 1945764, at *3 (E.D. Pa. May 14, 2021) (Schmehl, J.) (41-year-old defendant presents asthma and obesity, but has been

vaccinated; the court dismisses his complaints regarding prison management, stating, "The BOP and FCI Fort Dix administering vaccinations shows that they are taking the appropriate precautions to the COVID-19 pandemic and are safeguarding inmates."); *United States v. Glenn*, 2021 WL 3190553, at *7 (E.D. Pa. July 28, 2021) (Slomsky, J.) (the defendant presents diabetes, but relief is denied as he has been vaccinated).

IV.   **CONCLUSION:**

For these reasons, Defendant's request for compassionate release is denied. Defendant is free to file a new petition for compassionate release if his health condition deteriorates. An appropriate order will follow.

BY THE COURT:

 /s/ John Milton Younge 
Judge John Milton Younge